## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

FRANK & OTHERS *v.* PEOPLES NATIONAL BANK &
OTHERS.

JANUARY 20, 1898.

Absent, Cardwell, J.

1. EXECUTIONS—*Sequestration of Profits—Sale—Appeals—Discretion.*—
Where a trust fund has been created the annual interest or income
from which is directed to be paid to an execution debtor, it is not
error for a court of equity to sequestrate such interest or income,
and direct its payment to the execution creditors instead of direct-
ing a sale of the interest of the debtor. This does exact justice to
all concerned. Courts of equity have a discretion in such cases
which will not be reviewed or reversed except for error appearing
on the face of the record.

Appeal from a decree of the Corporation Court of the city of
Lynchburg pronounced February 6, 1896, in a suit in chancery
wherein the appellant, George Frank, suing on behalf of himself
and other lien creditors of James E. Loyd, was the complainant,
and the said James E. Loyd and others were the defendants.

*Affirmed.*

The opinion states the case.

*Harrison & Long,* and *J. E. Edmunds,* for the appellants.

*C. M. Blackford, R. G. H. Kean, Wilson & Manson, V. E.
Howard* and *John M. Payne,* for the appellees.

KEITH, P., delivered the opinion of the court.

William H. Loyd died leaving a will by which he devised to his wife one-third of his personal property absolutely, and one-third of his real estate during her natural life. The residue of his estate, real and personal, including the reversion of the realty given to his wife, he directs his executor to hold and invest, and reinvest, in safe and profitable property, real or personal, as he may deem advantageous, and to this end he was authorized to sell and convey the real estate, and to convert the personal property into money, and to hold the same upon the trust and conditions prescribed.

By the ninth clause of the will he directs the net income from the fund thus created to be paid over semi-annually by his executor to his children living at his death, "but he shall pay to my son, James E. Loyd, only one-half as much as to my other children. It being my intention to give him and his descendants, should he be dead, only one-half as much as I give each of my other children and their descendants, he having already received large sums from me."

It is agreed that the testator left seven children. The share of James E. Loyd is, therefore, one-thirteenth. James E. Loyd, at his father's death, was largely indebted, and his creditors proceeded to issue executions upon the judgments obtained against him. These executions were quite numerous, and, in order to ascertain their several priorities and to subject the fund upon which they constituted a lien to their satisfaction, a bill was filed in the Corporation Court of the city of Lynchburg by George Frank, on behalf of himself and other lien creditors. All parties in interest were made defendants, and such proceedings were had that a decree was entered appointing a receiver with directions to collect from the trustee under the will the sums annually accruing to James E. Loyd under the will of his father, and to distribute the same, first, to the payment of the costs of the suit, and then among the creditors of James E. Loyd, in accordance with the priorities ascertained by the report of the commissioner in chancery. From this decree James E. Loyd

and certain of his creditors applied for and obtained an appeal from one of the judges of this court.

The error assigned is that the court should have decreed a sale, and not the sequestration of the interest of James E. Loyd.

The object of the court and its duty was to administer the fund under its control to the best advantage of those entitled to its benefit. To sequestrate the property, to take each year the annually accruing sum due to James E. Loyd and apply it to the satisfaction of his debts, is exact justice. All that is his enures to the benefit of his creditors. A sale on the other hand might, or might not, realize a greater sum. It introduces an element of chance. It invites the buyer and seller to make a contract of hazard. This a court of equity will not do, unless it can be exacted of it as a legal right.

In this case the creditors have resorted to a court of equity to enforce their demands. In a court of equity they must do equity, and submit themselves to that measure of relief which that court, under all the circumstances surrounding the transaction, deems just and fair. There is a judicial discretion in the courts as to the course to be pursued in the administration of a fund such as this, and that discretion, when exercised, cannot be reviewed or reversed, except for error appearing upon the record. Nothing appears upon this record beyond the fact that the court, dealing with an interest affected by contingencies likely to influence its market value, has seen fit to sequestrate rather than to sell it, a course which, to adopt the language of the appellee does precise and exact justice to all.

We are of opinion that no error has been shown in the decree complained of, and it is affirmed.

*Affirmed.*